```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
DUNKIN' DONUTS FRANCHISED
 RESTAURANTS LLC, a Delaware Limited
 Liability Company,
DUNKIN' DONUTS FRANCHISING LLC,
 a Delaware Limited Liability Company,
DD IP HOLDER LLC,
 a Delaware Limited Liability Company,
BASKIN-ROBBINS FRANCHISING LLC,
 a Delaware Limited Liability Company,
BR IP HOLDER LLC,
 a Delaware Limited Liability Company,
DB REAL ESTATE ASSETS II LLC,
 a Delaware Limited Liability Company,

                        Plaintiffs,

         v.                                C.A. No. 07-CV-7218
                                                     (RJH)
CHELSEA DB ASSOCIATES, INC.,
 a New York Corporation,
AKCL INT'L GROUP, LTD.,
 a New York Corporation,
KMT ASSOCIATE INC.
 a New York Corporation,
NEW AMD ENTERPRISES INC.,
 a New York Corporation,
CROSS BAY ENTERPRISES, INC.,
 a New York Corporation,
TONY LI,
 a Resident of the State of New York,
MAY CHEN,
 a Resident of the State of New York,

                        Defendants.
--------------------------------------X
```

**ANSWER**

Defendants, by their attorneys, Miller, Rosado & Algios, LLP, as and for their answer to the complaint, allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs

1

"1", "2", "3", "4", "5", "6", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "30" and "31" of the complaint.

2. As to paragraphs "33" through "43", refer to the franchise agreements for the terms thereof.

3. Deny each and every allegation contained in paragraphs "44", "45", "49", "50", "51", "53", "54" and "57" of the complaint.

4. Deny each and every allegation contained in paragraphs "46", "47" and "48", except admit that at one time defendants had not paid overtime wages to certain employees who had worked in excess of 40 hours per week, that the United States Department of Labor had investigated same and concluded that there was a total of $5,549.95 due to 25 employees, with _no_ penalty assessed as a result of this investigation.

5. With respect to paragraph "52" of the complaint, refer to 8 U.S.C. section 1324a(b) for the terms thereof.

6. Deny each and every allegation contained in paragraph "55" of the complaint, except admit that plaintiffs sent defendants a Notice of Default and Termination dated August 6, 2007, and refer to said document for the terms thereof.

7. Deny each and every allegation contained in paragraph "58" of the complaint, except refer to the Multiple Unit Store Development Agreement for the terms thereof.

8. With respect to paragraph "59" of the complaint, refer to the lease between plaintiff DB II and defendant New AMD Enterprises, Inc. for the terms thereof.

## ANSWER TO COUNT I

9. Repeat and reallege their answer to paragraphs "1" through "59" of the complaint as their answer to paragraph "60" of the complaint.

10. Deny each and every allegation contained in paragraphs "61", "62" and "63" of the complaint.

## ANSWER TO COUNT II

11. Repeat and reallege their answer to paragraphs "1" through "63" of the complaint as their answer to paragraph "64" of the complaint.

12. Deny each and every allegation contained in paragraphs "65", "66" and "67" of the complaint.

## ANSWER TO COUNT III

13. Repeat and reallege their answer to paragraphs "1" through "67" of the complaint as their answer to paragraph "68" of the complaint.

14. Deny each and every allegation contained in paragraphs "69", "70" and "71" of the complaint.

## ANSWER TO COUNT IV

15. Repeat and reallege their answer to paragraphs "1" through "71" of the complaint as their answer to paragraph "72"

of the complaint.

16.  Deny each and every allegation contained in paragraphs "73", "74", "75" and "76" of the complaint.

<u>AS AND FOR A FIRST AFFIRMATIVE DEFENSE</u>

17.  The August 6, 2007 Notice of Default and Termination (the "Notice") was defective in that:

   a.  It was not signed by the franchisors or accompanied by any proper notice that the signatory was authorized by the franchisors to sign the Notice; and

   b.  It did not specify in sufficient detail the reasons for the purported termination.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

18.  Since the purported termination of the franchises was improper, the purported termination of the lease was improper.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

19.  Plaintiffs have consented to and/or acquiesced in defendants' use of plaintiffs' trademarks, trade names and trade dress subsequent to the issuance of the Notice, by among other things, accepting payments of franchise fees and advertising fees from defendants after issuance of the Notice.

<u>AS AND FOR A FIRST COUNTERCLAIM</u>

20.  Defendants are entitled to a declaration that their franchises and leases have not been terminated.

## AS AND FOR A SECOND COUNTERCLAIM

21.  Defendants are entitled to a declaration that their use of plaintiffs' trademarks, trade names and trade dress subsequent to issuance of the Notice does not constitute trademark infringement or subject them to liability under the Lanham Act or the common law of unfair competition, unless and until such time as any Court adjudicates that the Notice was a valid termination of the franchise agreements.

WHEREFORE, Defendants demand judgment:

a.  dismissing the complaint in its entirety;

b.  declaring that their franchises and lease have not been terminated;

c.  declaring that their use of plaintiffs' trademarks, trade names and trade dress subsequent to issuance of the Notice does not constituted trademark infringement or subject them to liability under the Lanham Act or the common law of unfair competition, unless and until such time as any Court adjudicates that the Notice was a valid termination of the franchise agreements; and

d.  granting them the costs and disbursements of this

action, reasonable attorney's fees and such other and further relief as to the Court seems just and proper.

Dated: Mineola, New York
       January 17, 2008

                                                      s/_____
                                                     Neil A. Miller, Esq. (NM-9078)
                                                     Louis Algios, Esq.
                                                     MILLER, ROSADO & ALGIOS, LLP
                                                     Attorneys for Defendants
                                                     200 Old Country Road
                                                     Suite 590
                                                     Mineola, New York 11501
                                                     (516) 512-0200

TO: Robert L. Zisk, Esq.
    Jeffrey L. Karlin, Esq.
    GRAY, PLANT, MOOTY, MOOTY
    & BENNETT, P.A.
    The Watergate
    2600 Virginia Avenue, N.W.
    Suite 1111
    Washington, D.C. 20037
    (202) 295-2200

     -and-

    Ronald Degen, Esq.
    Scott Goldfinger, Esq.
    O'ROURKE & DEGEN
    225 Broadway
    Suite 715
    New York, New York 10007
    (212) 227-4530

    Attorneys for Plaintiffs